Mitchell L. Abdallah, CSB #: 231804
1006 4th Street, 4th Floor
Sacramento, CA 95814
Telephone: 916-446-1974
Fax: 916-446-3371

Attorney for Debtor: Rickie Walker

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

In re:

RICKIE WALKER,
        Debtor.
_____/

Case No.: 10-21656-E-11

**MEMORANDUM IN SUPPORT OF OBJECTION TO PROOF OF CLAIM OF BAC HOME LOANS SERVICING, L.P.**

Debtor Rickie Walker, by and through his undersigned counsel, submits this Memorandum in Support of his Objection to Proof of Claim (Notice of Security Interest in Rents and Profits) signed on 02/17/2010 and filed on March 1, 2010 as Court Docket No. 32 by creditor BAC HOME LOANS SERVICING, L.P. (hereafter, "BAC")

## SUMMARY

BAC claims it has a security interest in the Debtors property which arises from a Promissory Note and Deed of Trust dated May 4, 2006, and that said Note and Deed of Trust are attached to BAC's NOTICE OF SECURITY INTEREST IN RENTS AND PROFITS as Exhibit "A".

- 1 -

The alleged "note" attached to the BAC Notice of Security Interest indicates that the debt is payable to PMAC Lending Services, Inc. That document is not indorsed by PMAC Lending Services, Inc. to BAC, nor does it appear to be an original document as it has stamped upon it "We hereby certify that this is a true and correct copy of the original document". The Deed of Trust and Assignment of Rents that is attached to the BAC Notice of Security Interest likewise indicates that the debt is payable to PMAC Lending Services, L.P., and not to BAC. There is no assignment of said Deed of Trust to BAC.

## ARGUMENT

### *BAC DOES NOT HAVE STANDING TO MAKE A CLAIM*

The promissory note was made payable to PMAC Lending Services, Inc. No record document suggests that it has been endorsed to BAC or any other named entity. The Deed of Trust states that PMAC Lending Services, Inc. is the beneficiary of it. No record document suggests that PMAC Lending Services, Inc. transferred its beneficial interest to BAC. Transfers of mortgage paper may be made outright (sale) or by pledge (as security for a loan to the transferor.). In either event, to perfect the transfer, the transferor should physically deliver the note to the transferee. Without a physical transfer, a sale of the note could be invalidated as a fraudulent conveyance (under Civil Code § 3440), and a transfer in pledge could be invalidated as an unperfected (under Com Code §§ 9313-9314). (California Mortgages and Deeds of Trust, and Foreclosure Litigation, by Roger Bernhardt, Fourth Edition, section 1.26) One without a pecuniary interest in the Mortgage Loan is not an obligee under the debt and, thus, has no legal standing to foreclose *ab initio*. (Watkins v. Bryant (1891) 91C 492, 27 P 77).

////

The Note is not a bearer instrument, but is an instrument payable to a specifically identified person. California Com. Code section 3109 states:

> (a) A promise or order is payable to bearer if it is any of the following:
> (1) States that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment.
> (2) Does not state a payee.
> (3) States that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person.
> (b) A promise or order that is not payable to bearer is payable to order if it is payable (1) to the order of an identified person or (2) to an identified person or order. A promise or order that is payable to order is payable to the identified person.
> (c) An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to subdivision (a) of Section 3205. An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to subdivision (b) of Section 3205.

A promissory note that is payable to a specifically identified person is not transferred merely by possession; instead, transfer requires that it be endorsed. California Com. Code 3201 states:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its endorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

An endorsement is not made by purchasing a note, or by purchasing a debt, or by an assignment, instead, an endorsement is made by the signature of the specifically identified person to whom the note is owed. California Com. Code section 3204 states:

> (a) "Endorsement" means a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of (1) negotiating the instrument, (2) restricting payment of the instrument, or (3) incurring endorser's liability on the instrument, but regardless of the intent of the signer, a signature and its accompanying words is an endorsement unless the accompanying words, terms of the instrument, place of the signature, or other circumstances unambiguously

indicate that the signature was made for a purpose other than endorsement. For the purpose of determining whether a signature is made on an instrument, a paper affixed to the instrument is a part of the instrument.

(b)"Endorser" means a person who makes an endorsement.
(c)For the purpose of determining whether the transferee of an instrument is a holder, an endorsement that transfers a security interest in the instrument is effective as an unqualified endorsement of the instrument.
(d)If an instrument is payable to a holder under a name that is not the name of the holder, endorsement may be made by the holder in the name stated in the instrument or in the holder's name or both, but signature in both names may be required by a person paying or taking the instrument for value or collection.

If one bought a note and intends to enforce it, but the note does not carry the endorsement of the payee, that person can bring an action in court to specifically enforce the right to an endorsement. Then, once that is done, the creditor can enforce the note against its maker. California Com. Code section 3203 states:

(a)An instrument is transferred when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery the right to enforce the instrument.

(b)Transfer of an instrument, whether or not the transfer is a negotiation, vests in the transferee any right of the transferor to enforce the instrument, including any right as a holder in due course, but the transferee cannot acquire rights of a holder in due course by a transfer, directly or indirectly, from a holder in due course if the transferee engaged in fraud or illegality affecting the instrument.
(c)Unless otherwise agreed, if an instrument is transferred for value and the transferee \ does not become a holder because of lack of endorsement by the transferor, the transferee has a specifically enforceable right to the unqualified endorsement of the transferor, but negotiation of the instrument does not occur until the endorsement is made.
(d)If a transferor purports to transfer less than the entire instrument, negotiation of the instrument does not occur. The transferee obtains no rights under this division and has only the rights of a partial assignee.

Stay-relief requests are governed by FED. R. BANKR. P. 4001(a)(1), to which FED. R. Bankr. P. 9014 is applicable. Rule 9014, in turn, incorporates Rule 7017, which makes FED. R. Civ. P. 17 applicable ("[a]n action must be prosecuted in the name of the real party in interest.";). The standing doctrine "involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." *Kowalski v. Tesmer*, 543 U.S.

125, 128-29, 125 S. Ct. 564, 160 L. Ed. 2d 519 (2004) (quoting Warth v. Seldin, 422 U.S. 490, 498, 95 S. Ct. 2197, 45 L. Ed. 2D 343 (1975)). Constitutional standing under Article III requires, at a minimum, that a party must have suffered some actual or threatened injury as a result of the defendant's conduct, that the injury be traced to the challenged action, and that it is likely to be redressed by a favorable decision. (Valley Forge Christian Coll. v. Am. United for Separation of Church and State, 454 U.S. 464, 472, 102 S. Ct. 752, 70 L. Ed. 2d 700 (1982)(citations and internal quotations omitted)). Beyond the Article III requirements of injury in fact, causation, and redressibility, the creditor must also have prudential standing, which is a judicially-created set of principles that places limits on the class of persons who may invoke the courts' powers. (Warth v. Seldin, 422 U.S. 490, 499, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)). As a prudential matter, a plaintiff must assert "his own legal interests as the real party in interest". (Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004), as found in FED. R. CIV. P. 17, which provides "[a]n action must be prosecuted in the name of the real party in interest.")

In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/31/2009)(At page 10) the Court found that "MERS does not have standing merely because it is the alleged beneficiary under the deed of trust. It is not a beneficiary and, in any event, the mere fact that an entity is a named beneficiary of a deed of trust is insufficient to enforce the obligation." In *In re Maisel*, the Bankruptcy Court for the District of Massachusetts found that a lender did not have standing to seek relief from the automatic stay because it did not have an interest in the property at the time it filed its motion for relief. 378 B.R. 19, 22 (2007) "Where the mortgagee has 'transferred' only the mortgage, the transaction is a nullity and his 'assignee,' having received no interest in the underlying debt or obligation, has a worthless piece of paper." (4 RICHARD R. POWELL, POWELL ON REAL PROPERTY, § 37.27[2] (2000); In re Mitchell, Case No. BK-S-07-16226-LBR (Bankr.Nev. 3/31/2009)(At page 12) MERS website admits at pages 10, 20, 22, 26, 34, 38, 40, 42, 44, 46, 62, 68, 72, 76, 78, 88, 89, 99:

> MERS stands in the same shoes as the servicer to the extent that it is not the beneficial owner of the promissory note. An investor, typically a secondary market investor, will be the ultimate owner of the note. (fn)

////

- 5 -

Foot Note:
    Even though the servicer has physical custody of the note, custom in the mortgage industry is that the investor (Fannie Mae, Freddie Mac, Ginnie Mae or a private investor) owns the beneficial rights to the promissory note.

In the consolidated cases of <u>In re Foreclosure Cases</u>, 521 F. Supp. 2D 650, 653 (S.D. Oh. 2007), a standing challenge was made and the Court found that there was no evidence of record that New Century ever assigned to MERS the promissory note or otherwise gave MERS the authority to assign the note. Beginning with this case, courts around the country started to recognize that MERS had no ownership in the notes and could not transfer an interest in a mortgage upon which foreclosure could be based.

## **CONCLUSION**

Creditor BAC does not demonstrate any document to support its claim that it has standing to enforce the promissory note and deed of trust. Debtor contends that the real party in interest has not come forward and the creditor lacks standing.

Dated: March 24, 2010

                                        MITCHELL ABDALLAH
                                        Attorney for Debtor,
                                        RICKIE WALKER