| | | | |
|---|---|---|---|
| **Case Title :** | Rickie Walker | **Case No :** | 10-21656 - E - 11 |
| | | **Date :** | 7/8/10 |
| | | **Time :** | 10:30 |
| **Matter :** | [68] - Objection to Claim of BAC Home Loans Servicing, L.P., Claim Number 9 [MLA-4] Filed by Debtor In Possession Rickie Walker (npas) | | |
| **Judge :** | Ronald H. Sargis | | |
| **Courtroom Deputy :** | Janet Larson | | |
| **Reporter :** | NOT RECORDED | | |
| **Department :** | E | | |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

OBJECTION was :
Sustained
See Findings of fact and conclusions of law below

The court will issue a minute order.

Local Rule 3007-1(c)(1) Motion - No Opposition Filed.

Proper Notice Provided. The Proof of Service filed on May 21, 2010, states that the Motion and supporting pleadings were served on other parties in interest and Office of the United States Trustee. By the courts calculation, 48 days notice was provided.

This Objection to a Proof of Claim has been set for hearing on the notice required by Local Bankruptcy Rule 3007-1(c)(1). The failure of the Trustee and the respondent creditor to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 3007-1(c)(1)(i) is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Boone v. Burk (In re Eliapo), 468 F.3d 592 (9th Cir. 2006). Therefore, the defaults of the Trustee and the respondent creditor are entered, the matter will be resolved without oral argument and the court shall issue its ruling from the parties pleadings.

The Objection to Proof of Claim number 9 of BAC Home Loans Servicing, LP is sustained and the claim is disallowed in its entirety with leave for the owner of the promissory note to file a claim by August 8, 2010. No appearance required.

The Proof of Claim at issue, listed as claim number 9 on the courts official claims registry, asserts $75,128.22 claim. The Debtor objects to the Claim on the basis that BAC Home Loans Servicing, LP has not offered any evidence that it is the beneficiary of the note and deed of trust or other wise legally able to assert the claim. The Deed of Trust and Note attached to the Proof of Claim list PMAC Lending Services, Inc. as the mortgagee. The note is not endorsed and no evidence is offered to show that the Deed of Trust has been assigned to another.

11 U.S.C. §502(a) provides that a claim supported by a Proof of Claim is allowed unless a party in interest

objects. Once an objection has been filed, the court may determine the amount of the claim after a noticed hearing. 11 U.S.C. §502(b). Based on the evidence before the court, the creditors claim is disallowed in its entirety. The Objection to the Proof of Claim is sustained. The court will grant leave for the owner of the note to file a Proof of Claim by August 8, 2010.

The court shall issue a minute order substantially in the following form holding that:

Findings of Fact and Conclusions of Law are stated in the Civil Minutes for the hearing.

The Objection to the Proof of Claim filed by the Debtor having been presented to the court, and upon review of the pleadings, evidence, arguments of counsel, and good cause appearing,

IT IS ORDERED that Objection to Proof of Claim number 9 of BAC Home Loans Servicing, LP is sustained and the claim is disallowed in its entirety, without prejudice to the filing of a proof of claim by the party entitled to assert a claim in this case.