FILED
August 09, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002838623

MITCHELL L. ABDALLAH, #231804
ABDALLAH LAW GROUP
1006 4TH STREET, 4TH FLOOR
SACRAMENTO, CA 95814
TEL:/ (916) 446-1974
FAX:/ (916) 446-3371
MITCH@ABDALLAHLAW.NET

Attorneys for Debtors: RICKIE WALKER

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

**RICKIE WALKER,**

        Debtor.

Case No. 2010-21656-E-11

MLA-005

Date:        August 24, 2010
Time:        2:30 p.m.
Judge:      Ronald H. Sargis
Department: E
Place:       501 I Street, 6th Floor
                  Sacramento, CA 95814

## <u>DEBTOR'S AMENDED CHAPTER 11 PRELIMINARY STATUS REPORT</u>

Pursuant to the court's order of July 2, 2010, Rickie Walker ("Debtor"), by his undersigned attorney, respectfully submits the following amended Chapter 11 Preliminary Status Report:

1. <u>History of the Debtor.</u>    Debtor filed his voluntary Chapter 11 petition in this Court on January 25, 2010. Debtor's primary sources of income are rents from real property and his janitorial business. Debtor currently owns two (2) real properties. Debtor maintains one property as his personal residence and rents the other. All of these properties have a

- 1 -
PRELIMINARY STATUS REPORT

fair market value which is significantly lower than the mortgage owed on them. Debtor operates a janitorial business. Post-petition, Debtor has begun to steadily increase income and clientele for the business. To date, Debtor has objected to the proof of claims of two (2) unsecured creditors. This court has denied both of the proof of claims as to Citibank and BAC Home loans respectively. As debtor-in-possession, Debtor has filed all timely monthly operating reports and paid all required quarterly fees.

2. <u>Type of Plan.</u> Debtor intends to file a plan of reorganization providing for his reorganization of debts, maintenance of real properties and business. Debtor intends to object or move to deny claims of other unsecured creditors within the next 30 days. Debtor requests at least 90 days to file a plan and disclosure statement.

3. <u>Cramdown.</u> At present, Debtor does anticipate the necessity of confirming his plan of reorganization under 11 U.S.C §1129(a) (8) or 11 U.S.C. §1129 (b) for any debt associated with either of his real properties. Debtor will require all creditors to provide proof of any secured claim prior to filing motion to cram down.

4. <u>Valuation of Assets.</u> At present, Debtor does not anticipate litigation concerning the valuation of assets.

5. <u>Cash Collateral and Adequate Protection.</u> At present, Debtor does anticipate offering motions for the stipulated use of cash collateral and adequate protection issues. Although Debtor receives rental income from property located in Tracy, California, respective creditors have not yet proved their claim and right to receive adequate protection.

6. <u>Adversary Proceedings.</u> Debtor does not anticipate filing any adversary proceedings which will affect the confirming or the implementation of his plan.

7. <u>Environmental Issues.</u> To the best of Debtor's current knowledge, the estate does not include any property that could potentially give rise to claims or litigation based upon federal or state environmental laws.

8. <u>Objections to Claims.</u> To date, Debtor has objected to the claims of two (2) creditors. Both objections have been sustained and the claims denied in their entirety.

9. <u>Post-confirmation sale of assets.</u> Debtor does not anticipate the plan including the post-confirmation sale of any assets which will require the involvement of the Court.

10. <u>Anticipated Professional Fees.</u> At present, Debtor projects the following professional fees will be incurred during the administration of this Chapter 11 case:

| Profession | Name & Firm of Professional | Estimated Total Compensation |
|---|---|---|
| Attorney | Mitchell L. Abdallah | $ 10,000.00 |
| | | |
| | | |

11. <u>Small Business Case.</u> Debtor is not a small business debtor as defined by the two part test under 11 U.S.C. §§ 101(51C) and 101(51D) and intends to seek that a committee of unsecured creditors not be appointed.

Dated: 09-August-2010

ABDALLAH LAW GROUP
Attorneys At Law

By: 

MITCHELL L. ABDALLAH
ATTORNEY FOR DEBTOR
RICKIE WALKER