FILED
October 21, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003018765

ABDALLAH LAW GROUP
Mitchell L. Abdallah, SBN 231804
1006 4th Street, 4th Floor
Sacramento, California 95814
Telephone: (916) 446-1974
Facsimile: (916) 446-3371

Attorneys for Debtor
RICKIE WALKER

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

In re:

RICKIE WALKER,

    Debtor.

---

CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3;

    Movant,

vs.

RICKIE WALKER,

    Respondent.

Case No. 2010-21656-E-11

Chapter 11

D.C. No. PD-1

**OPPOSITION TO MOTION TO VACATE ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5, AND OPPOSITION TO MOTION FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5**

*[Fed. R. Bankr. P. 9024 and 3008; Fed. R. Civ. P. 60(b); 11 U.S.C §§ 105 and 502(j)]*

**Hearing:**
Date: November 4, 2010
Time: 10:30
Ctrm: 33

Judge: Hon. Ronald H. Sargis

501 I Street, 6th Floor, Sacramento, CA 95814

---

1

OPPOSITION TO MOTION

Respondent Rickie L. Walker, (hereinafter referred to as "Respondent" or "Walker") respectfully submits this Opposition to Motion to Vacate Order Sustaining Objection to Claim of Citibank, N.A., ("Citibank" or "Movant"), Claim Number 5, and Opposition to Motion for Reconsideration of Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5 ("Motion to Vacate") pursuant to Fed. R. Bankr. P. 9024 and 3008; Fed. R. Civ. P. 60(b); 11 U.S.C. §§ 105 and 502(j).

## INTRODUCTION

Respondent hereby respectfully requests that the court deny Citibank's Motion to Vacate. The Motion should be denied because Citibank's failure to oppose the respondent's Objection to Citibank's Proof of Claim filed on April 6, 2010, and failure to attend the hearing on May 20, 2010 was due to Citibank's own culpable conduct. Furthermore, the Motion to Vacate should be denied because Citibank has failed to establish the existence of a meritorious defense. Finally, the court should deny the Motion to Vacate as respondent will be prejudiced if judgment is set aside.

## STATEMENT OF FACTS

On November 21, 2006, Respondent executed a negotiable promissory note (hereafter "Note") and a security interest in the form of a Deed of Trust in the amount of $1,076,250.00. This document was filed as document number 2006-0125992-00 in the Placer County Recorder's Office. This document identifies the loan number as 010005958. The lender/payee of the promissory note is Bayrock Mortgage Corporation. Mortgage Electronic Registration Systems, Inc. (hereafter "MERS") is not named as the payee of the note, but is named as acting solely as a "nominee" for lender as the beneficiary of the security interest Deed of Trust. The trustee under this Deed of Trust is Financial Title Co. Paragraph R provides in part "This Security Instrument secures to Lender: (i) the repayment of the Loan . . ." Paragraph 20 of the Deed of Trust provides "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower.

On May 23, 2008, Document number 2008-0042464-00 (Notice of Default) was filed in the Placer County Recorder's Office. This document properly identifies the amount of the mortgage loan that debtor obtained on November 22, 2006, but it identifies the Deed of Trust as being document number 2006-0125993-00, when the Deed of Trust Respondent signed was 2006-0125992-00. It also identifies the loan as 0020962502 when Respondent's loan number is 010005958. This document now names the current beneficiary as EMC Mortgage Corporation. Contrarily, the MERS SERVICER ID website https://www.mers-servicerid.org/sis/search indicates that EMC Mortgage Corporation is the servicer. This document was not executed by the Trustee, nor was there a substitution of trustee filed.

The May 23, 2008 Notice of Default was rescinded by the filing in the Placer County Recorder's Office of Document number 2008-0047089-00. This document no longer names EMC Mortgage Corporation as the beneficiary, but instead names MERS as the beneficiary. This document was not executed by the Trustee, nor was there a substitution of trustee filed.

On June 3, 2008, another Notice of Default was filed, this one as document number 2008-0045036-00 in the Placer County Recorder's Office. This document provides notice that the person or entity who signed it is utterly unsure of the capacity in which it was executed - "NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 11/21/2006, executed by Rickie Walker, . . This document was not executed by the Trustee, nor was there a substitution of trustee filed.

On July 7, 2008, a Substitution of Trustee was filed as document number 2008-0054639-00 in the Placer County Recorder's Office. This document, like the Deed of Trust, states that MERS was the beneficiary under the Deed of Trust – it does not state that MERS was the beneficiary under the promissory note. This document properly identifies the amount of the mortgage loan that debtor obtained on November 22, 2006, but it identifies the Deed of Trust as being document number 2006-0125993-00, when the Deed of Trust Debtor signed was 2006-0125992-00. It also identifies the loan as 0020962502 when Debtor's loan number is 010005958. This document purports to be executed by MERS.

On August 29, 2008, another Substitution of Trustee was filed as document number 2008-0069961-00 in the Placer County Recorder's Office. This document references the Deed of Trust the Debtor signed (2006-0125992-00), but it again misstates the loan number

as 0020962502. This document purports to be executed by MERS, who substitutes Quality Loan Service Corporation as trustee.

On September 5, 2008, a Notice of Trustee's Sale was filed as document number 2008-0071581-00.

On September 3, 2009, a Rescission of Notice of Default was filed as document number 2009-0077151-00 in the Placer County Recorder's Office. This document rescinds the June 3, 2008 Notice of Default. This document also indicates that the true beneficiary is an "investor" with the identification number of 0020962502.

On December 10, 2009, a Notice of Default was filed as document number 2009-0105268-00. This document indicates that it was ordered not by MERS but by CA-GTI as order number 090836866. It also references EMC Mortgage Corporation again, but it does not state that entity is the beneficiary.

On December 16, 2009, Respondent received another Substitution of Trustee. This time the document was not executed by MERS but instead was executed by Citibank, N.A. As Trustee for the Certificate holders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage Pass-through Certificates Series 2007-3, by EMC Mortgage Corporation as Attorney in Fact.

On March 19, 2010, Request for Special Notice and Service of Papers and Reservation of Rights was filed by Citibank, wherein Pite Duncan, LLP, requested mailings for all notice purposes and inclusion in the Master Mailing List in this case.

On April 6, 2010, Respondent filed Objection to Claim of Citibank and Notice of Respondent's Objection to Claim of Citibank.

On May 20, 2010, hearing was held on Respondent's Objection to Claim of Citibank. Appearance was made by Respondent's attorney, Mitchell L. Abdallah. No appearance was made by Citibank. Objection was sustained by Hon. Ronald H. Sargis.

On September 24, 2010, a Motion to Vacate Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5, or in the alternative, for Reconsideration of Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5 was filed by Citibank.

## LEGAL ARGUMENT

### A. THE ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5 MUST NOT BE VACATED PURSUANT TO FED. R. CIV. P 60.

Fed. R. Civ. P 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> 1. Mistake, inadvertence, surprise, or excusable neglect;
> 2. Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> 3. Fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> 4. The judgment is void;
> 5. The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6. Any other reason that justifies relief.

Discretion is given to the trial court to deny a Rule 60(b) motion to vacate a default judgment if 1) the plaintiff would be prejudiced if the judgment is set aside, 2) defendant has no meritorious defense, or 3) the defendant's culpable conduct led to the default. *Meadows v. Dominican Republic*, 817 F.2d 517, 521.

### 1. Motion to vacate should be denied, as Movant's failure to appear was a result of its own culpable conduct.

<u>Movant had actual notice of the Respondent's Objection to Movant's own Claim.</u>

Notice is an "elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover bank & Trust Co.* 339 U.S. 306, 314. The very fact that the Movant authored and brought the proof of claim is evidence that it had notice that a motion was in play. What is more, it had actual notice that an objection was filed. The court in *Gregorian v. Izvestia*, 871 F.2d 1515 stated that a party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint. Movant, Citibank claims to have never received notice of Respondent's Objection to the claim of *Citibank* because service was never made on an officer of Citibank. This assertion is utterly disingenuous and is an attempt to

confuse the court because it hides the fact that it had *actual notice* of the objection. First off, service was made to Movant's attorney, Pite Duncan, LLC ("Pite Duncan") to its authorized agent for servicing of the subject loan, and to the US Trustee. But most incriminating is its own admission. Movant had actual notice of Respondent's objection by its very admission in its moving papers. On page 22 line15-26, Movant admits that its counsel received notice *"[A]lthough Citibank's counsel received notice of the Objection, due to an inadvertent calendaring error by the attorney assigned to this case, Citibank's counsel in this case.* In light of this statement, how can Movant possibly allege that it had no notice of the Objection?

The manner in which Movant was noticed was perfectly reasonable under the circumstances. Although Movant is attempting to convince the court that service on Pite Duncan was unauthorized, Pite Duncan was the natural person to receive notice of the Objection. Not only had Pite Duncan, filed a Request for Special Notice and Service of Papers and Reservation of Rights on behalf of Movant, directing service of papers to be sent to Pite Duncan's address, Pite Duncan was the attorney who actually filed the proof of claim on behalf of Movant. Movant now claims that the very attorney that filed his Proof of Claim was not the proper person to receive notice of the Objection to that Claim. This is inconsistent reasoning with claiming that notice was not given and an illogical argument.

Not only was service made as directed to Pite Duncan, notice was also given to the Office of the United States Trustee. It is well know that service to the Office of the United States Trustee is subsequently published to all creditors and attorneys of record. "Mere erroneous procedure and notice are not appropriate bases for granting a party relief from judgment, on theory that judgment is void; rather, circumstances must cross over the line from mere error to error that violates the Due Process Clause of the Fifth Amendment." *In re Loloee,* 241 B.R. 655.

**2. Movant has failed to establish that it has a meritorious defense to the judgment.**

To this day, Movant has failed to provide a scintilla of evidence that it has standing to pursue its claim under the Note. To be sure, there can be no beneficial ownership in the Deed of Trust as it is nothing more than security for the Note. As such, Mortgage Electronic Registry Systems, Inc. ("MERS") could not and obviously did not transfer any interest in the Deed of Trust to another. The only interest that exists in the mortgage loan is the beneficial interest in the Note and the record is completely deficient in demonstrating who is that person or person's agent.

**a. Only the Holder of the Note has the Right to Enforce the Note**

Under California Law, a person entitled to enforce an instrument means (a) the holder of the instrument, (b) a nonholder in possession of the instrument who has the rights of a holder, or (c) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to Section 3309 (Cal.Com.Code § 3301). A person qualifies as the holder of a note if the note is in the person's possession and is payable to the person (See Cal.Com.Code § 1201(21)(a)). There is nothing in the record whatsoever to support that Movant is the holder of the Note. In fact, Movant filed a proof of claim based on the Note, but this court ruled that Movant had not established that it is the owner of the note, and ruled that Movant had no standing to assert a proof of claim for lack of an interest in the property. Since this ruling, Movant has failed to come forward with proof of ownership of the note.

Movant has made no claim that it is in possession of the Note, but states that it is "entitled" to possession of the note. Movant's empty and conclusory statement of entitlement has no meaning whatsoever in establishing that it has an interest in the property. Section 3309 of the California Commercial Code provides:

a) A person not in possession of an instrument is entitled to enforce the instrument if (1) the person was in possession of the instrument and entitled to enforce it when loss of possession occurred, (2) the loss of possession was not the result of a transfer by the person or a lawful seizure, and (3) the person cannot reasonably obtain possession of the instrument because the instrument was destroyed, its whereabouts cannot be determined, or it is in the wrongful possession of an unknown person or a person that cannot be found or is not amenable to service of process.
b) A person seeking enforcement of an instrument under subdivision (a) shall prove the terms of the instrument and the person's right to enforce the instrument.

Not only has Movant been unable to provide proof of ownership of the Note, there is no evidence that Movant was ever in possession of the Note or that the Note was lost or destroyed.

This court, in sustaining the objection to Movant's proof of claim, allowed until June 18, 2010 for any party claiming to be the owner of the Note to come forward. To this date, no other party has come forward as the owner of the Note. Movant remains the only party to come forward with a claim of ownership. The last entity known to have ownership of the Note was Bayrock Mortgage Inc., who is no longer in business.

Because there is nothing in the record showing the true owner of the Note, and the only party claiming ownership, Movant, has been unable to prove ownership of the Note, and because no other entity has come forward by the court imposed deadline, Movant's motion denied in its entirety.

### b. The Deed of Trust Gives Mortgagee No Title or Estate in the Mortgaged Premises.

The fact is that after months Movant still fails after has been unable to provide proof of ownership of the Note has not prevented them attempting to claim an interest in the subject property. Movant also claims an interest based on the assignment of the deed of trust by MERS to Movant. The law is well settled in that the mortgage or deed of trust follows the note, not the other way around. *Hill v. Favour, 52 Ariz. 561, 568 (1938)*. "[T]he mortgage is a mere incident to the debt and that its transfer or assignment does not transfer or assign the debt or the note. The mortgage goes with the note. If the latter is transferred or assigned, the mortgage automatically goes along with the assignment or transfer." *Ord v. McKee, 5 Cal. 515, 516 (1855)*. At no time was MERS ever the holder of the Note. MERS was simply a "nominee" for the deed of trust. MERS never had an interest that was assignable to Movant or anyone else. The assignment by MERS to CITI was a nullity. "A mortgage is a conveyance within the meaning of the record laws of this state, though it is a conveyance of a chattel interest only. Title to it passes to an assignee by assignment of the debt or obligation secured by it; for the mortgage is but an incident-a security-and, independent of the debt, has no assignable quality. Such assignment is a mere nullity". *National Bank of Saco v. Vagg, 65 Mont. 34, 212 P. 509, 510*. "[A]n assignment of the mortgage alone, without the debt, is nugatory, and confers no rights whatever upon the assignee". *Nagle v. Macy, 9 Cal. 426*.

Even if Movant was in possession of the deed of trust, absent possession of the Note they would have no interest in the property. As the law is clear in that the deed of trust always follows the Note, Movant cannot rely on the assignment of the deed of trust to support their claim of an interest in the property.

As is the case with the Note, there has been no entity other than Movant to claim an interest in the subject property. It makes no difference whether the deed of trust is in the hands of MERS, or has been transferred to Movant. Only the owner of the Note is entitled to come forward to prove an interest in the subject property.

### 3. Motion to vacate should be denied because debtor will be prejudiced if judgment is set aside.

Respondent has prevailed in open court by successfully objecting to a claim that is tied to a phantom Note that does not exist. Respondent is in the process of producing a viable plan through chapter 11 bankruptcy that contemplates paying the proper holder of the Note, if there is one. Respondent is steadily working towards rebuilding his business and his life. Respondent in an individual; a family man that has exposed a most significant fraud by the Movant, and now Movant is attempting to vitiate his pain staking efforts and victory through a disingenuous motion that is only bleeding the Respondent of time and money.

What is more, Respondent will be further prejudiced because the Movant sat on its rights by untimely bringing its motion to vacate more than four months after this court's order. Respondent has had to sit idle in preparing his plan, not knowing whether a motion to vacate was forthcoming. Now that Movant has waited until the 11th hour to make its motion, Respondent has little precious time to prepare a viable plan and disclosure.

### 4. Motion to Vacate should be denied because the Movant's conduct did not amount to "excusable neglect".

Movant's argument is misplaced. Movant argues that their failure to file a reply the Objection to Claim was due to improper service. As discussed above, Movant had actual notice of the Objection to Claim but nonetheless, chose not to respond and sat silent. It is within the court's discretion to deny Movant's motion. The court in *States v. Puig*, 419 F.3d 700 stated that the district court did not abuse its discretion when it denied motion that claimant filed, pursuant to Fed. R. Civ. P. 60(b), where claimant failed to timely file his petition. Movant's arguments are disingenuous and in bad faith; in one sentence of Movant's argument they claim to not have been served and thus the failure to respond to the Objection to Claim was excusable neglect. In the very next sentence of Movant's argument, blame is place on Movant's counsel for a "calendaring error".

## B. MOTION TO RECONSIDER THE DISALLOWANCE OF CITIBANKS' CLAIM SHOULD BE DENIED PURSUANT TO FED. R. BANKR. P. 3008.

Fed. R. Bankr. P. 3008 implements, 11 USC 502(j), which states that a claim that has been allowed or disallowed may be reconsidered *for cause*. A reconsidered claim may be allowed or disallowed according to the equities of the case.

Movant does not demonstrate adequate cause to have the court use its discretion in reconsidering the order.

1. Respondent will be severely prejudiced for the reasons articulated above;
2. Movant has delayed well beyond a reasonable time, over four months, before bringing this motion;
3. Bringing the motion was well within Movant's control;
4. Movant acted in bad faith, in that Movant has never once come forward with proof that they are entitled to a claim, other than their naked allegations;
5. Movant will not be penalized by court's discretion to deny the motion. Movant will have the opportunity to properly appeal the order; and
6. The Movant's claim is non-meritorious. Movant has yet to come forward with one scintilla of evidence that it is entitled to make a claim against the Respondent's estate.

## CONCLUSION

**WHEREFORE,** Respondent respectfully prays:

1. That the court deny the Motion to Vacate the Order Sustaining Objection;
2. That the court deny the Motion to reconsider the Order Sustaining the Objection;
3. For reasonable attorney's fees and costs; and
4. For such other relief the court deems just and proper.

OPPOSITION TO MOTION

Respectfully submitted,

DATED: October 21, 2010

ABDALLAH LAW GROUP

By: /s/ Mitchell L. Abdallah
MITCHELL L. ABDALLAH
Attorneys for Plaintiff
RICKIE WALKER