FILED

October 25, 2010

CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003026163

MITCHELL L. ABDALLAH, #231804

ABDALLAH LAW GROUP
1006 4ᵀᴴ STREET, 4ᵀᴴ FLOOR
SACRAMENTO, CA 95814
TEL:/ (916) 446-1974
FAX:/ (916) 446-3371
MITCH@ABDALLAHLAW.NET

Attorneys for Debtors:
Rickie Walker

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:

**Rickie Walker,**

Debtors.

Case No. 2010-21656-E-11

**RICKIE WALKER'S PLAN OF REORGANIZATION, DATED OCTOBER 22, 2010**

**ARTICLE I**

**SUMMARY**

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of RICKIE WALKER ("Debtor") from future income.

This Plan provides for a one class of secured claims, one class of unsecured claims and one class of equity security holders. Unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 5.26 cents on the dollar. All administrative claims will be provided for through this plan.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may**

be affected. **You should read these papers carefully and discuss them with your attorney, if you have one. If you do not have an attorney, you may wish to consult one.**

## ARTICLE II

### CLASSIFICATION OF CLAIMS AND INTERESTS

**2.01** **Class 1.** All allowed claims entitled to priority under §507 of the Code (except administrative expense claims under §507(a)(2), and priority tax claims under §507(a)(8)).

**2.02** **Class 2.** All secured claims to the extent allowed as a secured claim under §506 of the Code.

**2.03** **Class 3.** All unsecured claims allowed under the §502 of the Code.

**2.04** **Class 4.** The interests of the individual Debtor in property of the estate.

## ARTICLE III

### TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS,

### U.S. TRUSTEES FEES AND PRIORITY TAX CLAIMS

**3.01** <u>Unclassified Claims.</u> Under section§1123(a)(1), administrative expense claims, and priority tax claims are not in classes.

**3.02** <u>Administrative Expense Claims.</u> Each holder of an administrative expense claim allowed under §502(f) of the Code, will be paid in full on the effective date of this Plan (as defined in Article VII), in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors.

**3.03** <u>Priority Tax Claims.</u> Each holder of a priority tax claim will be paid consistent with the terms of §1129(a)(9)(C) of the Code. Although, there are currently no priority tax claims owed by the Debtors.

**3.04** <u>United States Trustee Fees.</u> All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed or converted to

another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

## ARTICLE IV

## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

**4.01** Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1- Priority Claims | Un-impaired | Class 1 is unimpaired by this Plan, and each holder of a Class 1 Priority Claim will be paid in full, in cash , upon the later of the effective date of this Plan as defined in Article VII, or the date on which such claim is allowed by a final non-appealable order. |
| Class 2 – Secured Claim | Un-impaired | Class 2 is unimpaired by this Plan, and each holder of a Class 2 Secured Claim will be paid in full. Currently, there are no secured claims in this class. |
| Class 3- General Unsecured Creditors | Impaired | Class 3 claims are impaired. Each holder of an alleged Class 3 claim will receive a monthly pro-rata distribution after payment of secured claims and administrative priority claims including U.S. Trustee Fees, allowed professional fees and expenses including the fees of the Debtor's counsel. The payments estimated to be approximately 5.26% of claims will be completed within 60 months of Plan confirmation. The debtors reserve the right to accelerate payments and conclude payments in less than 60 months. |
| Class 4 – Equity Security Holders of Debtor | Impaired | The Debtors are individuals. |

4.02 Nonconsensual confirmation. In the event that any impaired class of claims does not accept the Plan in accordance with the Bankruptcy Code Sections 1126 and 1129(a)(8), the Debtor hereby reserves the right to either (a) request the Bankruptcy Court to confirm the Plan pursuant to

Bankruptcy Code § 1129(b) on the basis the Plan is fair and equitable or (b) amend or modify the Plan in accordance with its terms or as otherwise permitted.

## ARTICLE V

## ALLOWANCE AND DISALLOWANCE OF CLAIMS

**5.01** <u>Disputed Claim.</u> A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or un-liquidated.

**5.02** <u>Delay of Distribution on a Disputed Claim.</u> No distribution will be made on an account of a disputed claim unless such claim is allowed by a final non-appealable order.

**5.03** <u>Settlement of Disputed Claims.</u> The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.01** <u>Assumed Executory Contracts and Unexpired Leases.</u>

(a) The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII: **none**.

(b) The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above or before the date of the order confirming this Plan, upon the effective date of the Plan. A poof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than 90 days after the date of the order confirming this Plan.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

**7.01**    The plan will be implemented and funded by debtor's income derived from his sole proprietorship, rental income, and household contributions of family members.  Additionally, Debtor is actively seeking other permanent employment and or contract opportunities that will enable debtor to maintain all plan payments to his creditors as well as quarterly United States Trustee payments. Debtor shall make monthly payments of **$921.00** to creditors for 60 months following the effective date of the plan.  Payments shall be made first to administrative priority claims, upon satisfaction of all allowed administrative priority claims, then to Class 3 claims.  Monthly distributions will continue for at 60 months or until distributions total **$55,260.00**.

## ARTICLE VIII

## GENERAL PROVISIONS

**8.01**    Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this plan.

**8.02**    Effective Date of Plan.  The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation.  However, if a stay of the confirmation order is an effect on the date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

**8.03**    Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

**8.04**  Binding Effect.  The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

**8.05**  Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

**8.06**  Controlling Effect.  Unless a rule of law or procedure is supplied by Federal Law including the Code or the Federal Rules of Bankruptcy Procedure, the laws of the State of California govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE IX

## DISCHARGE

**9.01**  Discharge.  Confirmation of this Plan will not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

## ARTICLE X

## OTHER PROVISIONS

None.

Respectfully submitted,

Dated: October 22, 2010

By: _Rickie Walker_
RICKIE WALKER, DEBTOR

Dated: October 22, 2010

By: _____

     MITCHELL ABDALLAH, Attorney for Debtor,
RICKIE WALKER

Digitally signed by Mitchell
Abdallah
DN: cn=Mitchell Abdallah,
o=ABDALLAH LAW GROUP,
ou=Attorney,
email=mitch@abdallahlaw.net,
c=US
Date: 2010.10.25 17:27:01
-07'00'