FILED
October 28, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003034736

STEVEN W. PITE (CA SBN 157537)
DAVID E. MCALLISTER (CA SBN 185831)
EDDIE R. JIMENEZ (CA SBN 231239)
PITE DUNCAN, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92117-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>RICKIE WALKER,<br><br>Debtor. | Case No. 10-21656<br><br>Chapter 11 |
| CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3<br><br>Movant,<br><br>vs.<br><br>RICKIE WALKER,<br><br>Respondent. | D.C. No. PD-1<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO VACATE ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5, OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5**<br><br>[*Fed. R. Bankr. P. 9024 and 3008; 11 U.S.C. §§ 105 and 502(j)*]<br><br>**Hearing:**<br>Date: November 4, 2010<br>Time: 10:30<br>Crtm: 33<br>Judge: Hon. Ronald H. Sargis |

Citibank, N.A. as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3 ("Citibank") respectfully submits the following Reply to Rickie Walker's ("Debtor")

- 1 -

Opposition to Citibank's Motion to Vacate Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5, or, in the alternative, for Reconsideration of Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5 ("Opposition") and reiterates its request that the court vacate and/or reconsider its Order Sustaining Objection to Claim of Citibank, N.A., Claim Number 5 ("Order Sustaining Objection"). Citibank's Reply is supported by the points and authorities cited herein, the Motion to Vacate, the Declaration of Sandra Garcia-Harris, the Declaration of William C. Hultman, the Declaration of Eddie R. Jimenez, and the Request for Judicial Notice previously filed with the court.

## I.

## INTRODUCTION

In his Opposition, the Debtor attempts to create confusion and otherwise divert the court's attention from the salient issues in this case regarding Citibank's interest in the Note secured by a Deed of Trust encumbering the real property located at 3830 White Oaks Drive, Rocklin, CA, 95765. ("Subject Property").

First, despite Debtor's conclusory responses in his Opposition and continued reliance on conflicting information contained in the pre-petition foreclosure documents, the Debtor fails to provide any evidence that he properly served Citibank with his Objection to Claim of Citibank, N.A, as Trustee for the Certificateholders of Structured Asset Mortgage Investments II Inc., Bear Stearns ALT-A Trust, Mortgage Pass-Through Certificates Series 2007-3 By EMC Mortgage Corporation as Attorney in Fact ("Objection") in compliance with Federal Rule of Bankruptcy Procedure 7004. Instead, the Debtor baldly asserts that Citibank failed to respond to the Objection as a result of its own culpable conduct. Moreover, the Debtor fails to differentiate and/or comprehend the difference between providing "notice" to Citibank's counsel and properly serving Citibank in accordance with Federal Rule of Bankruptcy Procedure 7004. Based on the Debtor's failure to properly serve Citibank with the Objection in accordance to Federal Rule of Bankruptcy Procedure 7004, Citibank was deprived it of its fundamental right to due process and, therefore, the Order Sustaining Objection is void pursuant to Federal Rule of Civil Procedure 60, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy

Procedure 9024.

Second, rather than addressing Citbank's evidence of its holder status and interest in the Note filed concurrently with its Motion to Vacate, the Debtor makes hollow allegations that Citibank does not have a meritorious defense to the Objection (Oppo at pg. 6, line 21); that that there is nothing in the record to support Citibank is the holder of the Note (Oppo at pg. 7, line 5); Citibank has failed to come forward with proof of ownership of the note (Oppo at pg. 7, line 9); the note was lost or destroyed (Oppo at pg. 7, line 23); and the phantom note does not exist (Oppo at pg. 9, line 4). Despite the Debtor's attempt to ignore the evidence before the court, the Debtor admits that the holder of the note has the right to enforce the note (Oppo at pg. 6, line 28) and only the owner of the note is entitled to come forward to prove an interest in the subject property (Oppo at pg. 8, line 28). As Citibank is the holder of the Note, it provided the original "blue ink" Note to its counsel so that it may be produced at the hearing on its Motion to Vacate.

Lastly, the Debtor claims that he will be prejudiced if the Order Sustaining Objection is vacated and/or reconsidered. Specifically, Debtor asserts that Citibank's allegedly inexcusable delay in proceeding with the Motion to Vacate (Oppo at pg. 9, line 4) and vacating and/or reconsidering the Order Sustaining Objection will prejudice him in preparing a viable Chapter 11 Plan of reorganization (Oppo at pg. 9, line 4), and Citibank has failed to come forward with evidence that it is entitled to allowance of its claim in this bankruptcy case. (Oppo at pg. 10, line 12). However, the Debtor fails to acknowledge that less than 60 days from the entry of the Order Sustaining Objection and two months prior to filing of the Motion to Vacate, Citibank's counsel contacted Debtor's counsel to apprise him of the substantive and service defects contained in his Objection in an effort to achieve a resolution to this controversy without further costly and time consuming litigation in the bankruptcy court. As the Debtor declined Citibank's invitation to review the original note and/or to otherwise resolve this matter without Citibank filing the Motion to Vacate, Citibank was forced to obtain all of the evidence it provided in support of its Motion to Vacate in order to formally remedy the procedural and substantive defects contained in the Debtor's Objection.

/././

The Debtor's further allegation that he has been prejudiced in his ability to prepare a viable Chapter 11 Plan is similarly disingenuous. The Debtor recently filed a Chapter 11 Plan and Disclosure Statement wherein he again convolutes the facts of the case and claims that "no secured claims exist." Accordingly, it appears as though the Debtor's strategy is to propose a Chapter 11 Plan that does not provide for Citibank's claim and allows the Debtor to retain title to the Subject Property free and clear of any valid liens.

Finally, the Debtor fails to address how Citibank's alleged delay in vacating the Order Sustaining Objection will unduly prejudice him as the Debtor has continued to enjoy the use and possession of the Subject Property valued by him in the sum of $1,550,000.00 without tendering any payments on the subject loan for thirty-three (33) months, with arrears in the approximate amount of $350,000.00 on the subject loan. There is currently no Motion for Relief from Stay pending with the court and to the extent that one is filed in the future, the Debtor should be able to tender the post-petition payments to the note holder which he claims that he has been stockpiling pending a court determination as to the correct party entitled to enforce the Note.

### III.

### DISCUSSION

A. **DEBTOR'S ARGUMENT THAT CITIBANK'S MOTION TO VACATE SHOULD BE DENIED BECAUSE ITS FAILURE TO APPEAR WAS A RESULT OF ITS OWN CULPABLE CONDUCT IS MISPLACED**

1. **Debtor's Mailing of the Objection to Citibank's Counsel Does Not Satisfy the Requirements for Effective Service Pursuant to Federal Rule of Bankruptcy Procedure 7004**

In response to Citibank's Motion to Vacate, the Debtor claims that Citibank had actual notice of the Objection because service was made on Citibank's counsel and the U.S. Trustee. (Oppo at pg. 6, lines 1-3). The Ninth Circuit BAP has held that without proof that the attorney has been designated as an agent to accept servicer of process, service on the attorney is not adequate to satisfy the service requirements of Fed. R. Bankr. P. 7004. In re Villar, 317 B.R. 88 (9th Cir. B.A.P. 2004). The responding party bears the burden of proving that an attorney is an agent authorized to receive service of process for a corporation. Weston Funding, LLC v.

Consorcio G. Grupo Dina, S.A. de C.V., 451 F. Supp.2d 585 (S.D.N.Y. 2006); See, Beloit Liquidating Trust v. Beloit Walmsley Limited (In re Harnischfeger Industries, Inc.), 288 B.R. 79 (Bankr. Delaware 2003,) (The participation by a creditor's attorney in a bankruptcy case is not by itself sufficient to confer implied authority to accept service of a summons and complaint on that creditor's behalf); See also, In re Association of Volleyball Professionals, 256 B.R. 313 (Bankr. C.D.Cal 2000) (The Debtor bears the burden of showing that the process service recipient was qualified to receive that service).

In this case, the Debtor asserts that Citibank's counsel is the "natural person to receive notice of the Objection" because it filed a Request for Special Notice and filed the operative Proof of Claim. The Ninth Circuit has previously addressed a similar argument and left no ambiguity when it stated that "[a]n agent's authority to act cannot be established solely from the agent's actions. Rather, the authority must be established by an act of the principal." Rubin v. Pringle (In re Focus Media Inc.), 387 F.3d 1077 (9th Cir. 2004). In the present case, Citibank's Proof of Claim Breakdown Sheet includes a specific reservation of its rights to service pursuant to Fed. R. Bankr. P. 7004 and expressly states that Pite Duncan, LLP, is neither expressly or impliedly its agent for service of process. Notwithstanding Citibank's express reservation of rights, the Debtor failed to even attempt to serve Citibank via certified mail addressed to a named officer or by any other means. Instead, the Debtor mailed the Objection to Citibank's counsel via U.S. Mail at a post office box not included in the Request for Special Notice or the Proof of Claim and to EMC Mortgage Corporation ("EMC") at a post office box which is not the address listed for EMC on the Proof of Claim. As a result of the Debtor's improper service of the Objection, the Order Sustaining Objection is void as a matter of law and must be vacated.

**2. Debtor's Mailing of the Objection to the U.S. Trustee is Insufficient to Satisfy the Requirements for Effective Service Pursuant to Federal Rule of Bankruptcy Procedure 7004**

The Debtor inexplicably asserts that the service of his objection to claim on the Office of the United States Trustee somehow translates into proper service on Citibank. Although the Debtor fails to provide any factual and/or legal authority for the purported "well known" proposition that the U.S. Trustee publishes service of process to all creditors and attorneys of

record, there is no exception to proper service pursuant to Fed. R. Bankr. P. 7004 when the U.S. Trustee is also served. As Citibank has not authorized the U.S. Trustee, either expressly or impliedly, to act as its agent for service of process, the Debtor's act of serving the U.S. Trustee with the Objection did not effectuate proper service on Citibank in accordance with Fed. R. Bankr. P. 7004.

**B. DEBTOR'S ARGUMENT THAT CITIBANK DOES NOT HAVE MERITORIOUS DEFENSE TO THE DEBTOR'S OBJECTION BECAUSE IT NOT THE HOLDER OF THE NOTE IS INCONSISTENT WITH THE EVIDENCE BEFORE THE COURT**

Contrary to the evidence before the court and the correspondence between Debtor's counsel and Citibank's counsel, the Debtor continues to selectively ignore the fact that Citibank is the rightful holder of the Note and is in rightful possession of the original Note. As provided in Citibank's Motion to Vacate, Bayrock Mortgage as the original holder of Note, and in connection with the sale of the Note to EMC, indorsed the note in blank thereby converting the note into a bearer instrument and transferred possession of the Note to EMC. Subsequently, SAMI, as Depositor; Citibank, as Trustee; Wells Fargo Bank, National Association, as Master Servicer and Securities Administrator; Federal National Mortgage Association, as Guarantor; and EMC, as Sponsor and Company, entered into a Pooling and Servicing Agreement ("PSA") thereby creating the Trust. Concurrently with the execution and delivery of the PSA, SAMI sold, transferred, and assigned to the Trust, without recourse, all its right, title and interest in and to the Mortgage Loans. During the creation of the trust, EMC remained the holder of the Note endorsed in blank and, thus, had the ability to transfer physical possession of the note to Citibank. In connection with this transfer, the blank indorsed Note was converted into a special indorsed Note by writing Citibank's name above the signature of the indorser, Bayrock Mortgage. As Citibank is entitled to possession of the specially indorsed Note, it qualifies as the Note holder with standing to enforce the Note under California law. Subsequent to the Order Sustaining Objection, Citibank provided its counsel with the original "blue ink" Note. Citibank's counsel also previously contacted Debtor's counsel and offered to provide a true and

correct copy of the original Note and/or otherwise make the original documents available for the Debtor's review. However, the Debtor summarily rejected Citibank's prior offer to allow him to review the original documents. Despite the Debtor's previous refusal to review the original note, Citibank's counsel will produce the original Note at the hearing on its Motion to Vacate to allow the court and the Debtor an opportunity to examine this document.

C. **DEBTOR'S ARGUMENT THAT CITIBANK'S MOTION TO VACATE SHOULD BE DENIED BECAUSE THE DEBTOR WILL BE PREJUDICED IS WITHOUT MERIT**

1. **The Debtor's Unreasonable Refusal to Informally Resolve the Order Sustaining Objection Increased the Delay in the Court Making a Determination as to the Holder of the Note**

Prior to filing the instant Motion to Vacate, Citibank's counsel contacted the Debtor's counsel less than 60 days from the entry of the Order Sustaining Objection and two months prior to filing of the Motion to Vacate, to apprise him of the substantive and service defects regarding the Objection and to request the Debtor voluntarily vacate the Order Sustaining Objection. After weeks of correspondence between the parties' counsel and offers by Citibank to make the original note available for review, the Debtor advised Citibank that he was not interested in reviewing the original note, was not interested in discussing loss mitigation options, and will seek a court determination that he owns the Subject Property free and clear of any liens and/or payment obligations. As the Debtor unreasonable refused to resolve this controversy without Citibank filing the Motion to Vacate, Citibank was left not alternative but to obtain all of the evidence it provided in support of its Motion to Vacate and to seek relief from the court to remedy the procedural and substantive defects in the Debtor's Objection. Notwithstanding the time expended attempting to informally resolve this matter without further costly litigation in the bankruptcy court, Citibank's still filed the Motion to Vacate within what has been typically deemed a reasonable time according to similar cases. See, In re Cassell, 206 B.R. 853, 857 (Bankr. W.D. Va. 1997) (the creditor's seven-month delay between learning of claim's disallowance and filing motion for reconsideration was found justifiable); In re Enron Inc., 326 B.R. 46, 49 (Bankr. S.D.N.Y. 2005) (the creditor's six month delay from the disallowance of the

claim until the filing of the motion for reconsideration was found justifiable). Accordingly, the Debtor's claim that Citibank's unreasonably delayed in filing the Motion to Vacate lacks any merit whatsoever and should not be given any consideration by the court.

**2. Granting Citibank's Motion to Vacate and Determining Citibank as the Rightful Claimant Will Aid in the Administration of the Debtor's Chapter 11 Proceeding**

Reconsidering the Order Sustaining Objection will not prejudice the Debtor as the Debtor's Chapter 11 case has been pending for approximately seven (7) months and the Debtor has yet to file an adequate Disclosure Statement and/or a feasible Chapter 11 Plan. Although the Debtor recently filed a Disclosure Statement and Chapter 11 Plan in response to an Order Show Cause issued by the court as to why it should not dismiss his Chapter 11 proceeding for lack of prosecution, it is difficult to fathom how the Disclosure Statement is adequate and the Chapter 11 Plan is feasible and/or filed in good faith. In fact, the court recently admonished the Debtor at the hearing on the Order to Show Cause for failing to list any secured creditors in his proposed Disclosure Statement and/or his Chapter 11 Plan. The Debtor's counsel also admitted at the hearing on the Order to Show that the Debtor is not challenging that the subject Deed of Trust represents a valid lien encumbering the Subject Property. Thus, allowing the court to make a definitive determination regarding Citibank's status as holder of the Note will facilitate the Debtor in preparing a feasible Disclosure Statement and/or Chapter 11 Plan that provides for the repayment of debts, maintenance of real properties, and the future of his janitorial business. In addition, this determination will enable the Debtor to provide adequate protection payments to the real party in interest, thereby eliminating the necessity for the Debtor to maintain the cash-collateral generated from the Subject Property in his debtor-in-possession account and the necessity for Citibank to seek relief from the automatic stay to proceed with its state law remedies as to the Subject Property.

/././

/././

/././

### 3. The Debtor Has Had the Use and Enjoyment of the Subject Property for Almost Three Years without Making a Single Mortgage Payment

The Debtor claims in his Opposition that he is being prejudiced by Citibank seeking to enforce its lien on the Subject Property and otherwise enforce the terms of the Note and Deed of Trust as it is "attempting to vitiate his pain staking efforts and victory through a disingenuous motion that is only bleeding the [Debtor] of time and money." (Oppo at pg. 9, lines 8-10). Citibank interprets the Debtor's claimed "victory" to be the Order Sustaining Objection obtained in violation of Citibank's due process rights and the misplaced belief that the Debtor now owns the Subject Property free and clear without payment obligations. However, the Debtor fails to address how vacating the Order Sustaining Objection will prejudice him based on the fact that he has not made a payment on the subject loan for almost three (3) years, is currently in arrears in the approximate amount of $350,000.00, has not made a good faith effort to file a feasible Chapter 11 Plan, and no Motion for Relief from Stay by Citibank is currently pending. Based upon the foregoing, the Debtor will not be unduly prejudiced in the event that the Order Sustaining Objection is vacated and, instead, will have the opportunity to present a feasible Chapter 11 Plan after the court determines the correct party entitled to enforce the Note.

### IV.

### CONCLUSION

Citibank is entitled to have the Order Sustaining Objection vacated and/or reconsidered on several grounds. First, the order should be vacated due to the Debtor's failure to properly serve the Objection pursuant to Fed. R. Bankr. P. 7004. Second, the order should be vacated on the grounds that Citibank's counsel's conduct regarding the lack of calendaring the Objection amounts to excusable neglect. Finally, the order should be vacated because Citibank has standing to enforce both the Note and Deed of Trust. Moreover, the balance of the equities in this case weighs in favor of reconsidering the Order Sustaining Objection. Specifically, reconsidering the Order Sustaining Objection will not be an undue detriment to the Debtor and/or other creditors, as a determination regarding the holder of the Note will facilitate, not hinder, the administration of the Debtor's bankruptcy case. Finally, Citibank acted promptly and without delay in bringing

this motion upon its discovery of the Order Sustaining Objection and after all reasonable efforts to resolve this controversy with the Debtor were exhausted.

**WHEREFORE**, Citibank respectfully prays:

1. That the court vacate, reconsider, and set aside the Order Sustaining Objection;

2. For reasonable attorneys' fees and costs; and

3. For such other relief as the court deems just and proper.

PITE DUNCAN, LLP

Dated: October 28, 2010                By: /s/ *Eddie R. Jimenez*
                                       EDDIE R. JIMENEZ
                                       Attorneys for CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3