FILED
February 17, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0003291040

1  STEVEN W. PITE (CA SBN 157537)
2  DAVID E. MCALISTER (CA SBN 185831)
   EDDIE R. JIMENEZ (CA SBN 231239)
3  PITE DUNCAN, LLP
   4375 Jutland Drive, Suite 200
4  P.O. Box 17933
   San Diego, CA 92117-0933
5  Telephone: (858) 750-7600
   Facsimile:  (619) 590-1385

6  Attorneys for  CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF
7                 STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR
                  STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES
8                 SERIES 2007-3

                    UNITED STATES BANKRUPTCY COURT

              EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| In re<br><br>RICKIE WALKER,<br><br>Debtor. | Case No. 10-21656<br><br>Chapter 11 |
|---|---|
| CITIBANK, N.A. AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF STRUCTURED ASSET MORTGAGE INVESTMENTS II INC., BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-3<br><br>Movant,<br><br>vs.<br><br>RICKIE WALKER,<br><br>Respondent. | D.C. No. PD-1<br><br>**DECLARATION OF WILLIAM C. HULTMAN IN SUPPORT OF MOTION TO VACATE ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5, OR, IN THE ALTERNATIVE, FOR RECONSIDERATION OF ORDER SUSTAINING OBJECTION TO CLAIM OF CITIBANK, N.A., CLAIM NUMBER 5**<br><br>**Hearing:**<br>Date:<br>Time:<br>Crtm:<br>Judge: Hon. Ronald H. Sargis |

I, William C. Hultman, declare under penalty of perjury as follows:

1. I am over the age of 18 years and am legally competent and able to make this declaration which is based on my personal knowledge.

/././

2. I am Secretary and Treasurer for Mortgage Electronic Registration Systems, Inc. ("MERS").

3. The essence of MERS business is to hold legal title to the deeds of trust/mortgages on behalf of the beneficial holders in the land records. The MERS® System is designed to allow its members, which include orginators, lenders, servicers, and investors to accurately and efficiently track transfers of servicing rights and beneficial ownership in the notes which are secured by the deeds of trust/mortgages held by MERS. The MERS member then registers the loan information from the security instrument on the MERS® System. When the beneficial interest in the loan is sold, the promissory note is still negotiated pursuant to the Uniform Commercial Code, but MERS members are obligated to notify MERS of the transfer so that it can be electronically tracked on the MERS® System.

4. As of the date of the origination of the Note and Deed of Trust, Bayrock Mortgage was a MERS member, and pursuant to the MERS' Rules of Membership, Rule 2, Section 5, Bayrock Mortgage appointed MERS to act as its agent to hold the Deed of Trust as nominee on Bayrock Mortgage's behalf. (See **Exhibit A**).

5. The MERS Governing Documents include the member's signed MERS Membership Application, the MERS Rules of Membership, the Terms and Conditions, and the MERS Procedures Manual. Bayrock Mortgage remained a MERS member during the entire time that it was the holder of the Note. (See **Exhibit B**).

6. The MERS Terms and Conditions provide that MERS "shall" serve as mortgagee of record with respect to each mortgage loan that the member registers on the MERS® System and provides that "MERS shall at all times comply with the instructions of the holder of mortgage loan promissory notes." (See **Exhibit C**).

Paragraph E of the subject Deed of Trust provides:

> (E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tele. (888) 679-MERS.

The Deed of Trust further states that:

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the

COUNTY
[Type of Recording Jurisdiction]

of PLACER
[Name of Recording Jurisdiction]

SEE ATTACHED EXHIBIT A

which currently has the address of 3830 WHITNEY OAKS DRIVE
[Street]

ROCKLIN, California 95765 ("Property Address"):
[City] [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lenders's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

7. Bayrock Mortgage subsequently transferred the Note to EMC. As of the date the Note was transferred, EMC was a MERS member. Pursuant to the MERS' Rules of Membership, EMC appointed MERS to act as its agent to hold the Deed of Trust as nominee of EMC. EMC remained a MERS member during the entire time that it was the holder of the Note. (See **Exhibit D**).

8. EMC subsequently transferred the Note to Citibank (as further explained in the motion and declaration of Sandra Garcia). As of the date the Note was transferred to Citibank,

3

1 | Citibank was a MERS member. Pursuant to the MERS' Rules of Membership, Citibank
2 | appointed MERS to act as its agent to hold the Deed of Trust as nominee of Citibank. Citibank
3 | remains a MERS member and has been during the entire time that it has been the holder of the
4 | Note. (See **Exhibit E**).

5 |     9.    On March 5, 2010, MERS executed an Assignment of Deed of Trust whereby
6 | MERS assigned all of its interest in the Deed of Trust to Citibank. (See **Exhibit F**).

7 |     10.    The assignment was executed by Lori Harp. Ms. Harp was appointed as an
8 | Assistant Secretary and Vice President of MERS and is an officer of EMC. Consistent with
9 | MERS role as agent for Citibank and at Citibank's instructions, an assignment from MERS to
10 | Citibank was recorded. (See **Exhibit G**).

11 | I declare under penalty of perjury under the laws of the United States that the foregoing is
12 | true and correct, executed this 23rd day of September 2010, at Fairfax, Virginia.

By _[signature]_
WILLIAM C. HULTMAN