

5
Vikas Kumar-267063
Antonia Darling-76190
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA  95814-2322
(916) 930-2100 Telephone Number
(916) 930-2099 Fax Number

Attorneys for August B. Landis
Acting United States Trustee

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

## (Sacramento Division)

| | |
|---|---|
| In re: | Case No.:  10-21656-E-11 |
| | DC No.  UST-1 |
| RICKIE WALKER, | Date:  June 9, 2011 |
| | Time:  10:30 a.m. |
| Debtor. | Place:  501 "I" Street, |
| | Courtroom 33, Dept. E |
| _____/ | Sacramento, CA 95814 |

### MOTION OF THE UNITED STATES TRUSTEE FOR CONVERSION OR DISMISSAL OF CHAPTER 11 CASE

TO THE HONORABLE RONALD H. SARGIS, U.S. BANKRUPTCY JUDGE

**I.    MOTION**

The Acting United States Trustee ("UST") requests the court order conversion to chapter 7 or dismissal of this case because Debtor has failed to timely comply with reporting requirements; Debtor has failed timely to provide information to the UST; there has been a gross mismanagement of the estate; and there is no reliable source of income with which to fund a plan of reorganization.  The UST avers that cause to convert or dismiss exists pursuant to 11 U.S.C. §1112(b)(4)(A),(b)(4)(B) (b)(4)(F) and (b)(4)(H).

Judicial notice is requested of all documents filed in the case pursuant to FED. R. EVID. 201.  This motion is based upon the concurrently filed points and authorities, the record in this

case, and such evidence as may be filed to supplement this motion or as may be introduced at the hearing on this motion.

II.     **STATEMENT OF FACTS**

1. Debtor filed a chapter 11 petition on January 25, 2010. (Docket #1).
2. An amended voluntary petition was filed on February 22, 2010. (Docket #21).
3. A second amended voluntary petition was filed on March 17, 2010. (Docket #44).
4. The monthly operating report ("MOR") for the period of January 25-February 2010 was filed on March 19, 2010. (Docket #47).
5. The MOR for April 2010 was timely filed. (Docket #65).
6. The MOR for May 2010 was timely filed. (Docket #73).
7. The MOR for June 2010 was timely filed. (Docket #80).
8. The MOR for July 2010 was filed on August 16, 2010. (Docket #84).
9. The MOR for August 2010 was timely filed. (Docket #87).
10. The MOR for September 2010 was timely filed. (Docket #106).
11. The MOR for October 2010 was timely filed. (Docket #136).
12. The MOR for November 2010 was filed on December 16, 2010. (Docket #141).
13. The MOR for December 2010 was filed on January 18, 2011. (Docket #143).
14. The MOR for January 2011 was filed on March 15, 2011. (Docket #172).
15. The MOR for February 2011 was timely filed. (Docket #173).
16. The MOR for March 2011 was filed on April 18, 2011. (Docket #180).
17. Despite the fact that many of the operating reports were timely submitted, the numbers on the operating reports do not correspond to the bank statements attached to the operating reports. In some cases, there are no bank statements attached to the operating report.
    a. The MOR for February 2010 lists income of $4,500 and total expenses of $3,604.00 for a cash profit of $896.00. The bank statements attached to

the MOR show deposits of only $1,525.00 and no expenses.  (Docket #47).

b.   There are no bank statements attached to the March 2010 operating report. (Docket #60).  A signed receipt is attached to the March 2010 operating report indicating that Debtor contributed $3,000 to be used toward legal fees in the case of People v. Rickie Travon Walker (Debtor's Son). (Docket #60).

c.   The MOR for April 2010 lists income of $2,908 and expenses of $2,012.00 for a cash profit of $896.00.  (Docket #65).  The bank statements appended to the April MOR show deposits of $100.00 and no expenses.  (Docket #65).

d.   The MOR for May 2010 indicates Debtor had a total income of $6,216.00 and total expenses of $4,285.00 for a cash profit of $1,931.  (Docket #73). The bank statements attached to the MOR show deposits of $4,740.00 and disbursements of $1,920.32.  The bank statement also reveals several cash withdrawals at Thunder Valley Casino and $83.50 in overdraft charges. (Docket #73).

e.   The MOR for June 2010 indicates that Debtor had total income of $4,542.00 and total expenses of $3,513.00 for a cash profit of $1,029.00. (Docket #80).  The bank statements attached to the MOR show deposits totaling $6,216.00 and disbursements of $5,432.17.  In addition, there are several cash withdrawals at Thunder Valley Casino.  (Docket #80).

f.   The MOR for July 2010 indicates that Debtor had total income of $4,996.00 and total expenses of $9,104.00 for a negative cash profit of $-4,108.00.  (Docket #84).  The bank statements attached to the MOR show that debtor had deposits of $7,317.00 and disbursements of $6,440.19.

    The bank statements also show several cash withdrawals at Thunder Valley Casino and Red Hawk Casino.  (Docket #84).

  g. The MOR for August 2010 indicates that Debtor had $4,800 in income and $4,335.00 in expenses for a negative cash profit of $-534.00. (Docket #87).  The bank statements attached to the MOR show deposits of $7,900 and disbursements of $9,788.  The bank statements also show several cash withdrawals at Thunder Valley and $487.05 in overdraft fees.  (Docket #87).

  h. The MOR for September 2010 indicates Debtor had total income of $2,195.00 and total expenses of $1,208.00 for a cash profit of $807.00. (Docket #106).  The bank statements attached to Debtor's MOR show deposits of $2,792.17 and disbursements of $5,484.09.  (Docket #106). The bank statement also shows a cash withdrawal at Thunder Valley and $240.00 in overdraft fees.

  i. There are no bank statements attached to either the October or November 2010 MORS.  (Dockets ##136, 141).

  j. The MORs for December 2010, January 2011 and February 2011 are generally consistent with the deposits and withdrawals on the attached bank accounts.  However, the bank statements for December 2010, January 2011, and February 2011 demonstrate numerous cash withdrawals.  (Dockets ##143,172,173).

  h. The MOR for March 2011 indicates that Debtor had $3,400 in total income and $3,400 in total expenses.  (Docket #180).   The bank statements attached to the MOR show no activity except for continuing overdraft fees.  (Docket #180).

18. All of the MORs filed in this case indicate that the tenant in 1518 Michael Drive is not paying the agreed upon rent of $1,196.00.  Many of the operating reports indicate that the

tenant has not paid the full amount.  Debtor does not appear to have taken any action to evict the tenant.

19.     Based upon the reported numbers in Debtor's monthly operating reports, Debtor's average monthly profit is $258.00.  This number appears to be insufficient to fund a plan of reorganization.  Assuming that Debtor was able to confirm his most recently proposed plan and disclosure statement, that plan calls for monthly payments totaling $4,196.41. (Docket #139). Debtor's average monthly income appears to be far short of the required amount to fund the plan.

| Date Filed | MOR Period | Total Income | Total Expenses | Cash Profit |
|---|---|---|---|---|
| 3/19/2010 | Feb-10 | 4,500 | 3,604 | 896 |
| 4/14/2010 | Mar-10 | 5,363 | 5,367 | (4) |
| 5/14/2010 | Apr-10 | 2,908 | 2,012 | 896 |
| 6/15/2010 | May-10 | 6,216 | 4,285 | 1,931 |
| 7/15/2010 | Jun-10 | 4,542 | 3,513 | 1,029 |
| 8/16/2010 | Jul-10 | 4,996 | 9,104 | (4,108) |
| 9/14/2010 | Aug-10 | 4,800 | 5,334 | (534) |
| 10/15/2010 | Sep-10 | 2,915 | 2,108 | 807 |
| 11/15/2010 | Oct-10 | 3,915 | 2,825 | 1,090 |
| 12/16/2010 | Nov-10 | 5,015 | 2,550 | 2,465 |

| | | | | |
|---|---|---|---|---|
| 1/18/2011 | Dec-10 | 9,570 | 5,870 | 3,700 |
| 3/15/2011 | Jan-11 | 4,362 | 4,711 | (349) |
| 3/15/2011 | Feb-11 | 2,760 | 6,967 | (4,207) |
| 4/18/2011 | Mar-11 | 3,400 | 3,400 | - |
| | Total | 65,262.48 | 61,650.11 | 3,612 |
| Avg | | 4,662 | `` 4,404 | 258 |

### III. CONCLUSION

WHEREFORE, the court is requested to enter an order converting or dismissing this case; for the reasons stated in the attached memorandum of points and authorities, conversion is recommended.

Respectfully submitted,

Dated:  May 12, 2011

/s/ Vikas Kumar
Attorney for August B. Landis,
Acting United States Trustee
Vikas.Kumar@usdoj.gov