FILED
May 12, 2011
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

0003487199

6
Vikas Kumar-267063
Antonia Darling-76190
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
501 "I" Street, Suite 7-500
Sacramento, CA 95814-2322
(916) 930-2100 Telephone Number
(916) 930-2099 Fax Number

Attorneys for August B. Landis
Acting United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
(Sacramento Division)

| | |
|---|---|
| In re: | Case No.: 10-21656-E-11 |
| RICKIE WALKER, | DC No. UST-1 |
| | Date: June 9, 2011 |
| | Time: 10:30 a.m. |
| Debtor. | Place: 501 "I" Street, |
| | Courtroom 33, Dept. E |
| _____/ | Sacramento, CA 95814 |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF THE UNITED STATES TRUSTEE FOR CONVERSION OR DISMISSAL OF CHAPTER 11 CASE**

TO THE HONORABLE RONALD H. SARGIS, U.S. BANKRUPTCY JUDGE

**I. MEMORANDUM OF POINTS AND AUTHORITIES**

  A. **The United States Trustee has standing to bring this motion.**

  The United States Trustee is charged with supervising the administration of cases under chapter 7, 11, 12, 13, or 15 of title 11. *28 U.S.C. § 586.* In furtherance of that duty, the U.S. Trustee is granted standing to raise and be heard on any issue in any bankruptcy case or proceeding pursuant to 11 U.S.C. § 307.

  B. **Cause exists to convert or dismiss this case.**

  11 U.S.C. § 1112(b) provides, in pertinent part, that on the request of a party in interest, and after notice and a hearing, absent unusual circumstances specifically identified by the court that establish that the requested conversion or dismissal is not in the best interests of creditors

1

and the estate, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause.

"Cause" is not defined in the Bankruptcy Code.  However, Bankruptcy Code Section 1112(b)(4) sets forth a list of 16 grounds that do constitute "cause."  See 11 U.S.C. § 1114(b)(4)(A)-(P); *see also In re Gateway Access Solutions, Inc.*, 374 B.R. 556, 560 (Bankr. M.D. Pa. 2007).  This list is not exhaustive, and a case may be dismissed or converted for causes other than those specifically identified in Section 1112(b)(4).  *See, e.g., In re AmeriCERT, Inc.*, 360 B.R. 398, 401 (Bankr. D.N.H. 2007) ("The list is not exhaustive ... a case may be dismissed for other causes, such as bad faith or if the petition does not serve a bankruptcy purpose."); *In re Jayo*, 2006 WL 2433451, at *6 (Bankr. D. Idaho July 28, 2006) ("In [the Ninth] Circuit, the court has discretion to consider alleged causes not specifically listed in § 1112(b).").

Cause exists to convert or dismiss this case.

**1. <u>Debtor has failed to comply with reporting requirements.</u>**

Unexcused failure to satisfy timely any filing or reporting requirement established by the Code or any rule is enumerated as cause to convert or dismiss a case at 11 U.S.C. § 1112(b)(4)(F).  Periodic reports and summaries of the operation of a business are required by 11 U.S.C. § 704(a)(8), as incorporated by 11 U.S.C. §1106(a)(1).  Local Rule 2015-1 requires Debtors to file and serve MORs on the 15th day following any month end.  The monthly operating reports are the "life blood" of chapter 11.  *In re Berryhill,* 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991).  The reports are necessary to provide financial information about the debtor and "a report filed late may be the practical equivalent of a failure to file any financial information at all."  *In re Ronald Kerns & Sons,* 48 Collier Bankr. Cas.2d 810 (W.D.N.Y. 2002).  As detailed in the statement of facts, Debtor has not timely filed all of his operating reports.

**2.      Debtor has failed to timely provide information reasonably requested by the United States Trustee.**

The United States Trustee is charged with supervising the administration of Chapter 11 cases, which includes supervising the debtor's performance of its statutory and fiduciary responsibilities.  28 U.S.C. §586(a)(3).  To perform this role, the United States Trustee has adopted reporting requirements embodied in the United States Trustee's guidelines that Debtors in possession must fulfill.  Debtors are to complete the monthly operating reports in the form provided by the United States Trustee, and discussed with the Debtors at the Initial Debtor Interview.  Pursuant to Local Rule 2015, Debtors are then to timely file the operating reports.  The failure timely to provide information reasonably requested by the United States Trustee is enumerated as cause to convert or dismiss at 11 U.S.C. §1112(b)(4)(H).  Even if the Debtor avers some reason for the delay in filing the MORS, filing a piece of paper is meaningless if the content is inaccurate, misleading, or wrong, thus the content of these documents is always relevant.  *In re Tucker*, 411 B.R. 530, 532 (Bankr. S.D. Ga. 2009) (citing *In re Kholyavka,* 2008 WL 3887653 at *4 (Bankr. E.D. Pa. 2008)).  Here, the monthly operating reports are misleading and incorrect.   With the exception of the monthly operating reports for December 2010, January 2011 and February 2011, the deposits and withdrawals in the bank statements attached to the monthly operating reports do not correspond to income and expense numbers listed in the operating reports.  In some cases, Debtor has not attached bank statements to his operating reports.   The inconsistencies in the MORs constitutes a failure to timely provide information within the meaning of §1112(b)(4)(H).  *Id.* at 535 (where court noted that delays and inconsistencies and omissions in the monthly operating reports constitute failure to timely provide information within the meaning of 11 U.S.C. §1112(b)(4)(H)).

**3.      Debtor has grossly mismanaged his estate.**

11 U.S.C. §1112(b)(4)(B) includes as "cause" for conversion or dismissal of a under §1112(b)(1) a debtor's "gross mismanagement" of its estate.

A debtor-in-possession enjoys a plethora of rights and powers that it would not possess in a case under Chapter 7, including the right to remain in control of its assets. These rights and powers "come with certain responsibilities." *See In re Gateway Access Solutions, Inc.*, 374 B.R., at 565. Most notably, a debtor-in-possession owes a fiduciary duty to its creditors and must act in accordance with the provisions of the Bankruptcy Code. *See Biltmore Assoc., LLC v. Twin City Fire Ins. Co.* 572 F.3d 663,673 (9th Cir. 2009) ("Visitalk became the debtor in possession of the bankruptcy estate, empowered to act as a trustee and required to act as a fiduciary for its creditors.")

Here, Debtor has mismanaged his estate in two ways. First, has made improper use of estate funds, and second, Debtor has provided inaccurate and incomplete operating reports.

Debtor's monthly operating reports demonstrate that Debtor has made cash withdrawals in casinos. This pattern of gambling is offensive to the integrity of the bankruptcy system. *In re Weber*, 209 B.R. 793, 800 (Bankr. D. Mass. 1997). Debtor's decision to gamble shows a disregard for the fiduciary duty he owes to his creditors. *In re Draiman*, 2001 WL 1486128, *21 (Bankr. N.D. Ill. 2011) ("It is far too risky to gamble at casinos where all games are structured to favor the house and not the gambler. The Debtor has chosen selfish pursuits over his fiduciary duty to the estate and his creditors.")

Second, as demonstrated in the statement of facts, the numbers listed on many of Debtor's monthly operating reports do not correspond to the bank statements attached to support the reports. Debtor has not provided an explanation as to how the numbers on Debtor's monthly operating reports were derived. The failure of a debtor to properly report income and expenses constitutes evidence of gross mismanagement under § 1112(b)(4)(B). *In re Halal 4 U LLC,* 2010 WL 2810860, *4 (Bankr. S.D.N.Y. 2010)

4.     **There is a continuing loss with no likelihood of rehabilitation.**

A substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation is enumerated as cause to convert or dismiss a case at 11 U.S.C. § 1112(b)(4)(A). The two elements under Section 1112(b)(4)(A) must be shown by the

moving party to establish "cause:" (1) a substantial or continuing loss to or diminution of the estate, and (2) the absence of a reasonable likelihood of rehabilitation. *See, e.g.*, *In Products Int'l Co.*, 395 B.R. 101, 110 (Bankr. D. Ariz. 2008). Both elements are satisfied here.

Debtor's disclosure statement indicates that Debtor is to make monthly mortgage payments on Debtor's property in Rocklin, California totaling $2,277.78 per month. (Docket #138). Debtor's disclosure statement further provides that Debtor will make monthly mortgage payments in the amount of $1,480.55 on Debtor's property in Tracy, California. (Docket #138). The UST has analyzed the Debtor's MORs and the attached bank records indicate that the mortgage payments are not being made. Further, Debtor's monthly operating reports indicate that Debtor has an average monthly income of $258.00. This number is far below the amount that would be required to make the mortgage payment on even one of Debtor's properties. This absence of a reliable source of income together with the inability to pay current expenses is sufficient to show continuing loss. *In re Park*, 436 B.R. 811, 816 (Bankr. W.D. Va. 2010) (citing *Quail Farm*, 2010 WL 1849867, *3 (Bankr. N.D. W. Va. 2010).

It appears that rehabilitation is unlikely in this case. *See In re Rey*, 2006 WL 2457435, *6 (Bankr. N.D. Ill. 2006) (defining the issue of rehabilitation as "not the technical one of whether the debtor can confirm a plan, but rather, whether the debtor's business prospects justify continuance of the reorganization effort."). Debtor's income and expenses derived from Debtor's bank statements do not correspond to the income and expenses listed on Debtor's MORs. Even assuming that the numbers listed on Debtor's operating reports are correct, Debtor's average monthly profit is not even sufficient to pay one of Debtor's two mortgages. Further, the case has been pending since January of 2010 and the Debtor has been unable to confirm a plan of reorganization which evidences an inability to reorganize. Therefore, "cause" exists to dismiss or convert this case pursuant to section 1112(b)(4)(A) of the Bankruptcy Code. *See, e.g., In re Can-Alta Properties, Ltd.*, 87 B.R. 89, 91 (9th Cir. B.A.P. 1988) (describing various factors establishing "cause" to lift automatic stay or dismiss chapter 11 case, including

circumstance in which debtor has little or no cash flow, and no available income to sustain a plan of reorganization).

### C.  Debtor's case should be converted.

As described above, cause exists to convert or dismiss this case. However, Section "1112(b) establish[es] a two-step analysis for dealing with questions of conversion and dismissal. First, it must be determined that there is 'cause' to [convert or dismiss]. Second, once a determination of 'cause' has been made, a choice must be made between conversion and dismissal based on the 'best interests of the creditors and the estate.'" *In re Nelson*, 343 B.R. 671, 675 (9th Cir. BAP 2006). In this case, a chapter 7 trustee should be appointed to investigate Debtor's financial transactions to determine if there is anything that can be administered for the benefit of Debtor's unsecured creditors.

## II.  CONCLUSION

WHEREFORE, the court is requested to enter an order converting or dismissing this case; conversion is recommended.

Respectfully submitted,

Dated:  May 12, 2011

/s/ Vikas Kumar
Attorney for August B. Landis,
Acting United States Trustee

Vikas.Kumar@usdoj.gov